UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 15-00758 JGB (JPRx) | Date | May 5, 2015 |
|---|---|---|---|
| Title | *Dolores Riley, et al. v. Manor Care of Hemet CA, LLC, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order (1) DENYING Defendants' Ex Parte Application (Doc. No. 22); (2) STRIKING Defendants' Untimely Motion to Dismiss (Doc. No. 18); and (3) GRANTING the Moving Defendants an Extension until May 13, 2015, to File an Answer to the Complaint (IN CHAMBERS)**

Before the Court is an Ex Parte Application for Relief under Federal Rule of Civil Procedure 6(b) filed by Defendants HCR Manor Care Services, LLC; Heartland Employment Services, LLC; and HCR Healthcare, LLC (collectively, the "Moving Defendants") on April 29, 2015. ("Ex Parte," Doc. No. 22.) The Ex Parte seeks a retroactive extension of time in which to file a motion to dismiss the complaint for failure to state a claim.

Plaintiffs filed their complaint on April 18, 2014, in California Superior Court for the County of Riverside. (Doc. No. 1-1 at 5-22.) In February and March 2015, after the originally named defendants had answered the complaint, Plaintiffs substituted the Moving Defendants for three Doe defendants. (Doc. No. 1-1 at 82-89.) On April 7, 2015, the Moving Defendants demurred and moved to strike certain portions of the complaint. (Doc. No. 1-1 at 100-27.) On April 17, 2015, Defendant HCR Manor Care Services, LLC, removed the case to federal court on diversity grounds. (Doc. No. 1.)

In relevant part, Federal Rule of Civil Procedure 81(c)(2) requires as follows:

> A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
> (A) 21 days after receiving . . . a copy of the initial pleading stating the claim for relief;

>>(B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
>>(C) 7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c)(2).  The three Moving Defendants were served with the summons and complaint on March 11, 19, and 27, 2015.  (Doc. No. 1-1 at 91, 96, 131.)  Thus the deadlines pursuant to Rule 81(c)(2)(A) and (B) have long since passed.  Therefore, pursuant to Rule 81(c)(2)(C), the Moving Defendants had until Friday, April 24, 2015, to answer the complaint or file a motion to dismiss the complaint.  The Moving Defendants missed that deadline by three days, filing a motion to dismiss on Monday, April 27, 2015.  (Doc. No. 18.)

The Moving Defendants now ask the Court to allow them a retroactive extension of the deadline by which to file their motion to dismiss the complaint.  Pursuant to Rule 6(b)(1)(B), "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Defendants' counsel explains that he missed the deadline because he carelessly confused the deadline in this case with a misinterpreted deadline in another case.  Defendants argue that Plaintiffs will not be prejudiced by allowing a late-filed motion to dismiss; that may be so, but the Court questions whether Defendants would be so quick to ignore a missed deadline if, for example, Plaintiffs had attempted to remand three days beyond the deadline to do so.  Moreover, Defendants willingly removed this case from state court and thus controlled the applicable timeline.  Defendants were not required to remove this case to federal court; however, now having elected to do so, they are responsible for being properly apprised of the rules and procedures of this Court.  The Court advises the parties to familiarize themselves with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and this Court's Standing Order.

The Court declines to exercise its discretion, pursuant to Rule 6(b)(1)(B), to grant a retroactive extension of the applicable deadline under Rule 81(c)(2).  The Moving Defendants' Ex Parte Application is DENIED.  (Doc. No. 22.)  Accordingly, the Moving Defendants' motion to dismiss was untimely filed, and the Court therefore STRIKES that motion from the Court's docket.  (Doc. No. 18.)

Although the Court declines to allow a late-filed motion to dismiss, the Court recognizes the importance of allowing the Moving Defendants to file their answers to the complaint.  Accordingly, the Court will allow the Moving Defendants to file their answers despite the expiration of the time within which to do so pursuant to Rule 81(c)(2).  The Court GRANTS Defendants HCR Manor Care Services, LLC; Heartland Employment Services, LLC; and HCR Healthcare, LLC, an extension until **May 13, 2015**, to file their answers to the complaint.

**IT IS SO ORDERED.**